**FILED**
**May 17, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.J. and A.M.**

**No. 22-0012** (Hampshire County 20-JA-16 and 20-JA-94)

## MEMORANDUM DECISION

Petitioner Foster Parents E.S., J.H.-1, and J.H.-2, by counsel Debbie Flowers Payne, appeal the Circuit Court of Hampshire County's December 8, 2021, granting the maternal grandmother permanent placement of J.J. and A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce Stewart, filed a response on behalf of the children in opposition of the circuit court's order. Respondent Maternal Grandmother R.A., by counsel Stephanie E. Scales-Sherrin, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioners argue that the circuit court erred in finding that permanent placement and adoption of the children by the maternal grandmother was in the children's best interests.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in failing to order the DHHR to conduct a home study of respondent grandmother's home before permanently placing the children with her. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

Due to the narrow issue upon which this case turns, the relevant facts are summarized as follows: The DHHR filed a child abuse and neglect petition against the parents in February of

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the petitioners share the same initials, we will refer to them as J.H.-1 and J.H.-2, respectively, throughout the memorandum decision.

2020, and, eventually, the court terminated the parents' parental rights. Respondent grandmother sought intervention, a home study, visitation, and placement of the children as early as March of 2020, and continued to do so throughout the proceedings. However, the court either deemed these motions moot, premature, or failed to rule upon them. Respondent grandmother exercised visitation with the children and ensured sibling visitation as the children lived in separate homes with the respective petitioners.

The court held contested evidentiary permanent placement hearings in June and September of 2021. At the conclusion of evidence, the court found that the respondent grandmother made numerous requests for placement and/or visitation of the children, but the DHHR denied these requests. Pertinent to this appeal, the court stated in its final order that "despite [respondent grandmother's] request[s] for a home study, no such home study was conducted by the [DHHR] and, this [c]ourt did not [o]rder the department to conduct a home study of [her] residence." The court invoked the grandparent preference statute[2], found that respondent grandmother had demonstrated a willingness and ability to care for her grandchildren, and that she was fit to care for them. The circuit court granted permanent placement to respondent grandmother and ordered the children be gradually transitioned from petitioners' homes to respondent grandmother's home. Petitioners appeal this December 8, 2021, order.

This Court has held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). The evidence below shows that despite respondent grandmother's numerous requests for a home study, the DHHR and the court ignored her suitability and willingness to adopt the children and failed to conduct a home study. "The mandatory language of W. Va. Code § [49-4-114(a)(3)] requires that a home study evaluation be conducted by the [DHHR] to determine if any interested grandparent would be a

---

[2]West Virginia Code § 49-4-114(a)(3), the grandparent preference statute, provides as follows:

> For purposes of any placement of a child for adoption by the department, the department shall first consider the suitability and willingness of any known grandparent or grandparents to adopt the child. Once grandparents who are interested in adopting the child have been identified, the department shall conduct a home study evaluation, including home visits and individual interviews by a licensed social worker. If the department determines, based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents.

suitable adoptive parent." Syl. Pt. 9, *In re L.M.*, 235 W. Va. 436, 774 S.E.2d 517 (2015). There is also no evidence that the DHHR was relieved of its duty to conduct a home study, such as evidence of respondent grandparent's unsuitability. *See* Syl. Pt. 10, in part, *In re L.M.*, 235 W. Va. 436, 774 S.E.2d 517 (2015) ("There is no statutory requirement that a home study be completed in the event that the interested grandparent is found to be an unsuitable adoptive placement and that placement with such grandparent is not in the best interests of the child.").

Crucially, the court's final decision to invoke the grandparent preference statute and permanently place the children with respondent grandmother without her home being approved by a home study is contrary to recent authority. This Court held that

> [a]n approved home study showing that a grandparent would be a suitable adoptive parent is a mandatory requirement for application of the grandparent preference as set forth in West Virginia Code § 49-4-114(a)(3) (2015). When a grandparent has not received an approved home study from the West Virginia Department of Health and Human Resources, a circuit court does not have the authority to disregard the absence of an approved home study and proceed to apply the grandparent preference.

Syl. Pt. 5, *State ex rel. D.B. v. Bedell*, -- W. Va. --, -- S.E.2d --, 2022 WL 1222799 (W. Va. Apr. 26, 2022). As apparent from the record, the circuit court disregarded the absence of an approved home study when it granted respondent grandmother permanent placement of the children.

We further remind the circuit court that the grandparent "preference is just that—a preference. It is not absolute. As this Court has emphasized, the child's best interest remains paramount[.]" *In re K.E.*, 240 W. Va. 220, 225, 809 S.E.2d 531, 536 (2018).

> Thus, while this preference must be balanced with the best interests of the child, it is the child's best interest that serves as the ultimate determinable factor. *See, e.g.*, Syl. pt. 5, in part, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996) ('In . . . custody matters, we have traditionally held paramount the best interests of the child.').

*In re J.P.,* 243 W. Va. 394, 401, 844 S.E.2d 165, 172 (2020). "In other words, if allegiance to a preferential placement does not promote the children's best interests, such preference must yield to the placement that is most beneficial to the children." *In re K.L.,* 241 W. Va. 546, 557, 826 S.E.2d 671, 682 (2019). Most importantly, this Court has held that

> adoption by a child's grandparents is permitted only if such adoptive placement serves the child's best interests. If, upon a thorough review of the entire record, the circuit court believes that a grandparental adoption is not in the subject child's best interests, it is not obligated to prefer the grandparents over another, alternative placement that does serve the child's best interests. *See* Syl. pts. 4 & 5, *Napoleon S. v. Walker,* 217 W.Va. 254, 617 S.E.2d 801.

*In re Elizabeth F.*, 225 W. Va. 780, 787, 696 S.E.2d 296, 303 (2010).

3

Accordingly, the circuit court's December 8, 2021, order, is hereby vacated and remanded for the limited purpose of the circuit court ordering the DHHR to conduct the statutorily required home study of respondent grandmother's home, holding a final permanency review hearing regarding the results of the home study, and entering a corresponding final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: May 17, 2022

**CONCURRED IN BY:**

Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker

Justice Walker, dissenting, joined by Chief Justice Hutchison:

I agree with the majority that an approved home study is a mandatory prerequisite for Respondent Grandmother to be granted permanent placement of J.J. and A.M.[3] But instead of vacating and remanding the matter, I would set this case for oral argument and squarely address Petitioner Foster Parents'[4] appeal to avoid further procedural delays.

A.M. was placed with his foster parents shortly after he was born in October 2020, and he has lived with them his entire life.[5] In March 2020, then-two-year-old J.J. was placed with his foster mother, where he has remained throughout these proceedings. Both children are thriving in the care of their respective foster parents.

---

[3] W. Va. Code § 49-4-114(a)(3).

[4] Petitioner E.S. is the foster parent of J.J. Petitioners J.H.-1 and J.H.-2 are the foster parents of A.M.

[5] A.M. has several medical conditions requiring ongoing treatment and appointments with specialists. Petitioners represent that A.M. should have no contact with cigarette smoke, and that they have concerns for his health if he is placed with the grandparents because they smoke cigarettes.

The circuit court held contested evidentiary permanent placement hearings in June and September 2021. The West Virginia Department of Health and Human Resources and the children's guardian ad litem supported permanent placement of the children in their respective foster homes because of the children's strong bonds with them. Even so, the circuit court invoked the grandparent preference statute and granted permanent placement of the children with Respondent Grandmother.

On appeal, Petitioners argue that it is in the children's best interest to be permanently placed with their respective foster parents. They recognize the importance of J.J. and A.M. having a relationship with their grandparents, but as grandparents and not as adoptive parents. The guardian concurs and recommends that the children have continued visitation with the grandparents, including overnight visits and family vacations. The guardian states that "the scale weighs more heavily in maintaining the children in their current [foster] placements for reasons of stability, consistency and the achievement of permanency in a timely manner[.]"

The majority aptly recognizes that the circuit court's decision to place the children with Respondent Grandmother without her home being approved by a home study is problematic. So, it vacates and remands the matter. But the record is sufficiently developed to address Petitioners' arguments that the circuit court erred in finding that permanent placement and adoption of the children by the grandmother was in the children's best interests. This Court has previously "stressed the importance of the continuity of relationships, surroundings and environmental influence during a child's first three years of life. These early years are truly formative because, in their simple everyday activities, infants and toddlers form the foundations of *all* later development."[6]

For these reasons, I respectfully dissent. I am authorized to state that Chief Justice Hutchison joins this dissent.

---

[6] *In re K.E.*, 240 W. Va. 220, 227, 809 S.E.2d 531, 538 (2018) (footnotes and quotation marks omitted).